HEATHER HALL CORPORATION
v. HAINES.

Civ. A. No. 8713.

United States District Court
E. D. Michigan, S. D.

April 24, 1950.

Charles L. Goldstein, Detroit, Michigan, John W. Babcock, Detroit, Michigan, of counsel, for plaintiff.

William A. Moran, Special Litigation Attorney, Office of the Housing Expediter, Washington, D. C., for defendant.

THORNTON, District Judge.

This is an action by the Heather Hall Corporation against William C. Haines, individually and as Area Rent Director for the Office of the Housing Expediter, for a declaratory judgment and injunction seeking a declaration that certain premises at 3444 Second Avenue in Detroit, within the Detroit Defense-Rental Area, operated, owned and controlled by plaintiff corporation, are free from rent control by virtue of the provisions of Section 202(c) (1) (A) of the Housing and Rent Act of 1947, as amended, Title 50 U.S.C.A.Appendix, § 1881 et seq., approved March 30, 1949, and the Controlled Housing Rent Regulation (13 F.R. 5411); and to further enjoin defendant William C. Haines, individually and as Area Rent Director, from fixing or purporting to fix any maximum rent or rents for the premises herein described.

At the opening of court on the trial day, counsel for the plaintiff moved for an adjournment and stated as its reason for the adjournment that the president of the plaintiff corporation had recently received a telephone call that a Mrs. Cora Jibulo, its most important witness, who had managed the particular building here involved had suffered a stroke and because of this fact she would be unable to be present as a witness and, therefore, the plaintiff was not able to proceed without her testimony. The Court thereupon inquired if it might be possible for the parties to agree as to what her testimony would be if she were present, thereby permitting the trial to continue since counsel for the defendant had an-

nounced that he had present in the courtroom sixteen or seventeen witnesses at the time plaintiff requested an adjournment.

A recess was taken for the purpose of permitting counsel for the plaintiff an opportunity to assemble testimony of the missing witness since counsel for both parties had indicated a desire to cooperate in presenting the testimony of Mrs. Jibulo without requiring her presence in the courtroom. After a short delay counsel for the parties conferred with the Court in chambers and counsel for the plaintiff suggested that there was a possibility that the parties could stipulate as to all the facts and thereby avoid the necessity of a formal court hearing.

In keeping with this proposal an effort was made to arrive at such a stipulation to the extent that both parties stipulated as to certain facts culminating in the statement by counsel for the plaintiff that the representations made by him would, in effect, constitute the plaintiff's prima facie case. As to the main point in issue, namely the services alleged to have been rendered by the plaintiff to the tenants of the said building as of June 30, 1947, it was soon apparent to the Court that it was utterly impossible to complete the stipulation as between the parties on these issues and, therefore, the effort to stipulate as to all the facts was abandoned by direction of the Court.

At the foregoing conference counsel for the plaintiff was unable to inform the Court as to how soon the missing witness would be available for a court appearance, or how serious her ailment was and since this information was necessary in order that the Court might either grant a short adjournment or arrange for the taking of the deposition of the said witness, the morning session of court was adjourned with the express understanding that counsel for the plaintiff would obtain a doctor's report on the physical condition of the missing witness and submit the same to the Court.

Immediately upon the convening of court for the afternoon session, counsel for the plaintiff stated to the Court as follows: "Plaintiff submits to a non-suit, and moves

for an order accordingly." The defendant objected to plaintiff's motion for a non-suit and after argument of counsel the Court requested counsel to submit authority in support of his objections.

In the course of the argument on the motion for non-suit, counsel for the defendant informed the Court in part as follows: "* * * may I cite a further reason why this action should not be dismissed. There is at present pending in the Circuit Court of Wayne County several eviction proceedings against the tenants of this housing accommodation on the theory of this plaintiff that, as a hotel, they had a right to evict the tenants. These cases are all to be heard and judgment to be rendered in them some time within the next day or two." The Court thereupon announced that information had come from his deputy clerk to the effect that after the announcement had been made during the morning session of court, that the principal witness for the plaintiff would not be able to appear because she had suffered a stroke, six persons who were in the courtroom at the time proceeded to her home for the purpose of investigating the seriousness of her ailment. Testimony was taken from three of these self-appointed investigators, the substance of which indicated to the Court that the missing witness was not confined to her bed, and that up until the time of the investigation by these witnesses she had not been contacted by a doctor. Counsel for the plaintiff had furnished the Court with a doctor's certificate which stated as follows: "To whom this may concern: This is to certify that I have today examined Mrs. Cora Jibulo. She has a severe hypertension and hypertensive heart disease. She had a mild cerebral accident last night. We advise rest in bed for two weeks." The said certificate bore the hand-written signature of "L. E. Kamin, M. D."

The Court directed counsel for the defendant to arrange for a medical examination of Mrs. Cora Jibulo at government expense and report the findings of this examination to the Court, and information was subsequently furnished to the Court that authority was granted to pay for the said examination. A doctor was contacted for the purpose of making the examination but he subsequently informed the defendant that he was too busy to immediately make this examination and, therefore, no further effort was made to examine this missing witness.

■ Since the question of the status of the building named in the within litigation involved the rights of third persons, namely the tenants in said building, and since the entire question of rent control and decontrol was, and is a matter of great public interest, it would have been unjust to permit the plaintiff to discontinue the within cause of action, and accordingly, the plaintiff's motion for a non-suit was denied. Cyclopedia of Federal Procedure, 2nd Ed., Vol. 7, Chapter 29, Page 377. Whereupon counsel for the plaintiff announced that in keeping with its submission to a non-suit, it had nothing further to offer to the Court and the defendant thereupon proceeded by calling a number of witnesses who testified as to the character of the building involved as of June 30, 1947, whether it was commonly known as a hotel in the community in which it was located, and whether it was occupied by persons who on June 30, 1947, were provided with customary hotel service such as maid service, furnishing and laundering of linens, telephone and secretarial or desk service, use and upkeep of furniture and fixtures. Additional testimony was offered by the defendant herein that this particular housing accommodation was registered as a multiple housing accommodation under the Emergency Price Control Act of 1942, as amended, 50 U.S.C. A.Appendix, § 901 et seq., and no registration had ever been offered or filed with the Office of Price Administration indicating that this particular structure was registered as a hotel, and there was further testimony to the effect that such registration was the only registration that had been filed upon this particular building. Further testimony was offered that as late as March 5, 1949, and July 6, 1949, plaintiff herein had filed a petition for an adjustment of the maximum rents on the various apartments in this structure under the Housing and Rent Act of 1947, as amended, as a *housing accommodation* and *not as a hotel*.

The Court further finds that the plaintiff, the Heather Hall Corporation, is a Michigan corporation duly authorized to transact business in the state of Michigan and at all times since 1948 has been the owner, landlord and operator of the building located at 3444 Second Avenue, Detroit, Michigan; that William C. Haines is a duly appointed, qualified and acting area-rent director for the Office of the Housing Expediter of the Detroit Defense-Rental Area, under the provisions of the Housing and Rent Act of 1947, as amended, Title 50 U.S.C.A.Appendix, § 1881 et seq. The building at 3444 Second Avenue, Detroit, Michigan, is a building containing sixty-nine rental units, consisting of single-room units, two-room suites and three-room suites, and that the plaintiff herein has rented and leased, and does rent and lease units therein to various tenants as and for housing accommodations as permanent residents rather than as transient guests, and that the housing accommodation herein involved is within the Detroit Defense-Rental Area, Detroit, Wayne County, Michigan, designated under the Emergency Price Control Act of 1942, and continuing as such under said Act, as amended, until June 30, 1947; and since June 30, 1947, it has been a defense-rental area under the Housing and Rent Act of 1947, as amended, and is still a defense rental-area under said act. The aforementioned rental units in the said building constituted housing accommodations under the Emergency Price Control Act of 1942, as amended, and under the Housing and Rent Act of 1947, as amended, and now are subject to the provisions of said acts and regulations issued thereunder.

It was further established by the testimony that the building was known and referred to in the community on June 30, 1947, as the Heather Hall Apartments; that there was no maid service provided to the persons who occupied rental units in this building on June 30, 1947; that there was no linen such as bed sheets, pillow slips, towels, etc. furnished to these tenants on June 30, 1947, nor were these services available; there was no bellboy service furnished to the persons who occupied apartments in the Heather Hall Apartments on June 30, 1947, nor was such service available, and while there was furniture provided for the rental units in the said building to a limited extent, yet the said furniture was inadequately maintained and repaired insofar as the owners of the building were concerned, the tenants of the rental units being required to maintain the upkeep and repair of the furniture in their respective living accommodations.

A Detroit police officer assigned to the general licensing bureau of the Detroit Police Department testified that no license for the use of this building as a hotel was in existence on June 30, 1947, and that during the twenty-three years of his connection with the said license bureau this building never had a hotel license until a license was secured by the plaintiff from the licensing authority of the city of Detroit to operate this building as a hotel, the date of the issuance of this particular license being March 6, 1950, three months after the commencement of the within action.

The testimony of residents of the building who had lived there for an extended period of time established the further fact that the building did not maintain facilities or a depository for the safekeeping of valuables of persons occupying apartments therein, did not maintain a register for the registration of guests, nor did it provide stationery or delivery service to residents therein; that the Heather Hall Apartments did not accommodate any transient guests nor were there facilities available therein for the accommodation of transients, and that the Heather Hall Apartments was not known as a hotel in the community in which it was located on June 30, 1947.

This Court has jurisdiction of the subject matter herein, and of the parties hereto.

From the foregoing testimony this Court finds that the housing accommodations known as the Heather Hall Apartments, situated at 3444 Second Avenue, Detroit, Michigan, are not decontrolled by the Housing and Rent Act of 1947, as amended.

An Order may be so entered.